# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

Andrea PETERSON,

    Plaintiff,

v.

HVM L.L.C., et al.,

    Respondent.

Civ. No. 14-1137 (KM)

**MEMORANDUM OPINION AND ORDER**

Now before the court is a motion by the plaintiff, *pro se,* Andrea Peterson, that appears to seek two forms of relief: (a) a grant of *in forma pauperis* status, pursuant to 28 U.S.C. § 1915 (Docket no. 14-1); and (b) authorization to participate in the CM/ECF electronic filing system (Docket no. 14). (*See also* Docket nos. 15, 16, supplementing the application.) The first has already been granted, and I will abide by that earlier ruling. The second I will grant only to the extent of permitting plaintiff to receive electronic notification of court filings upon submission of the proper form.

The following summary of the allegations and proceedings is taken from the Order (Docket no. 11) of District Judge Richard W. Story that transferred this case from the United States District Court for the Northern District of Georgia to this Court:

> Plaintiff Andrea Peterson filed this action on October 16, 2013, against Defendants HVM L.L.C., Extended Stay America ("ESA"), Centerbrige Partners LP, Paulson & Company, and Blackstone Real Estate Partners VI, seeking damages and injunctive relief related to Defendants' alleged breach of a Long-Term Lodging Agreement ("Agreement"). Plaintiff has also filed a Motion for In Forma

1

Pauperis Status [2]1; Application for Temporary Restraining Order, Motion for Preliminary Injunction, and Expedited Hearing on the Merits [3]; Motion for ECF Filing [4]; and Motion for Hearing Date [5]. Plaintiff alleges that in February 2009, she entered into the Agreement to stay in a room at one of Defendants' extended-stay hotels in Secaucus, New Jersey. (Compl., Dkt. [10] ¶ 6.) The Agreement did not create a landlord–tenant relationship. (Id. ¶ 3.) According to Plaintiff, she was required to pay a lodging fee of $900 per month for her room, which she paid each month. (Id. ¶¶ 2, 5.) In September 2012, Plaintiff alleges that Defendants falsely claimed that she owed them money in an effort to obtain a warrant of removal from the Superior Court of Hudson County, New Jersey. (Id. ¶¶ 9-11.)

In their complaint, Defendants alleged that she owed them $30 per day for the hotel room and had fallen behind on payments. (Id. ¶¶ 9, 15.) Because the legal relationship between Plaintiff and Defendants was that of hotel manager and guest, however, the Hudson County Landlord–Tenant Court later dismissed the warrant of removal for lack of jurisdiction. (Id. ¶ 21.) On October 3, 2012, Defendants informed Plaintiff that she was no longer welcome at the hotel and then locked her out later that day. (Id. ¶¶ 23-26.)

Plaintiff sought injunctive relief in New Jersey state court, stating that she had fully performed the terms of the Agreement and had paid her monthly rent. (Id. ¶ 34.) At an October 19, 2012 hearing, the judge denied injunctive relief because there were material facts in controversy, and he stated that the court could not process her complaint with the post office box mailing address on her paperwork. (Id. ¶¶ 35-37.) The judge ordered Defendants to file an answer, so Plaintiff moved for entry of default in December 2012 after they apparently failed to do so. (Id. ¶ 39.) It is not entirely clear how the case unfolded in the following months, but Plaintiff alleges that on May 2, 2013, the Superior Court of Hudson County dismissed her case without prejudice. (Id. ¶ 54.)

As a result of Defendants' acts, Plaintiff states that her equal protection rights were violated and that she has suffered significant financial hardship. (Id. ¶¶ 46-57.) Plaintiff, now a resident of Georgia, filed this action on the basis of federal question and diversity jurisdiction for her constitutional and state-law contract claims.

Judge Story transferred venue of the case to this district, pursuant to 28 U.S.C. § 1406(a). He reasoned that personal jurisdiction over the defendants, particularly HVM and ESA, was doubtful under Georgia's long-arm statute;[1] that the events in suit occurred entirely in New Jersey; and that those two corporations appear to do business here. Hence, rather than dismiss the action for lack of jurisdiction, Judge Story opted to transfer it.

While the case was still in the United States District Court for the Northern District of Georgia, Peterson sought *in forma pauperis* status. Despite two requests from the court, she declined to fill out the standard form for that purpose. That court, however, reviewed her papers and decided that it would nevertheless grant *in forma pauperis* status. (Docket no. 9.) I will abide by that ruling as representing the law of the case.[2]

Peterson, a *pro se* litigant, requests that the Court grant her electronic filing (CM/ECF) privileges for this case. She states that she has received such privileges in other courts, and attaches a printout demonstrating that she received a passing score of 85 on this district's online test of knowledge of the CM/ECF system.

Peterson, as a *pro se* party, is not entitled to CM/ECF filing privileges:

---

[1] He added that Defendants Centerbridge Partners LP, Paulson & Company, and Blackstone Real Estate Partners VI, appeared to be citizens of other states, and that it was unclear acts those entities, hedge funds or private-equity firms, were alleged to have committed against Plaintiff.

[2] Judge Story, in his order transferring venue, denied the motion for *in forma pauperis* status (Docket no. 2) as moot. However, an earlier motion for *in forma pauperis* status (Docket no. 1) had already been granted.

> Pro Se Parties. A party who is not represented by counsel must file documents with the Clerk as a Paper Filing.
>   A Pro Se party who is not incarcerated may request to receive filed documents electronically upon completion of a "Consent & Registration Form to Receive Documents Electronically." The form is available on the Court's web site at www.njd.uscourts.gov.

U.S. District Court for the District of New Jersey, Electronic Case Filing Policies and Procedures, ¶ 4. (*reprinted in* A. Lite, 2013 N.J. Federal Practice Rules, following Local Civil Rule 5.2). *See also id.,* comment 2.a, citing *Chelsea Check Cashing v. Toub,* 2006 U.S.Dist. LEXIS 13999 (D.N.J. March 15, 2006); *Jackson Hewitt v. Nat'l Tax Network,* 2012 U.S. Dist. LEXIS 59612 (D.N.J. Apr. 27, 2012).

## ORDER

Accordingly, IT IS this 16th day of September, 2014,

ORDERED, to remove doubt, that the plaintiff shall be granted *in forma pauperis* status in this district, as she was in the transferor district; and it is further

ORDERED, pursuant to 28 U.S.C. § 1915(d), that the Clerk shall issue a summons and the U.S. Marshal shall serve the summons and copies of the complaint upon defendants as directed by the plaintiff, with all costs of service advanced by the United States;

ORDERED that the motion to be granted electronic filing privileges on the CM/ECF system is DENIED; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order on Petitioner by regular U.S. Mail, and shall include therein a copy of a

4

blank Pro se (Non Prisoner) Consent & Registration Form to Receive Documents Electronically.

                                                _____
                                                KEVIN MCNULTY
                                                United States District Judge

5

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

## Pro se (Non Prisoner)
## Consent & Registration Form to Receive Documents Electronically

Pursuant to Fed. R. Civ. P. 5(b), and Fed. R. Civ. P. 77(d), Local Civil Rule 5.2 and the Court's Electronic Case Filing Policies and Procedures, documents may be served through the court's transmission facilities by electronic means. Documents that are not permitted to be served electronically are pleadings that are to be served with process under Fed.R.Civ.P. 4.

I _____ hereby consent to receive service of documents and notice of electronic filings via the Court's electronic filing system to the extent and in the manner authorized by the above rules and waiving the right to receive notice by first class mail pursuant to Fed.R.Civ.P. 5(b)(2)(D) and Fed.R.Civ.P. 77(d).

Pursuant to Local Civil Rule 10.1, I will promptly notify the Court if there is a change in my personal data, such as name, address, and/or e-mail address. I will promptly notify the Court to request cancellation of electronic service.

Litigants who have consented to receive documents electronically will be sent a **Notice of Electronic Filing** via e-mail. Upon receipt of the notice, they are permitted **one "free look"** at the document by clicking on the hyperlinked document number. The one "free look" will expire 15 days from the date the notice was sent. After the "free look" is used or expires, the document can only be accessed through PACER (Public Access to Court Electronic Records.) It is recommended that litigants establish a PACER account. This can be accomplished by visiting the PACER web site at http://pacer.psc.uscourts.gov. PACER is an automated system that allows an individual to view, print, and download documents for a fee.

My e-mail address is: _____

My case number is: _____

_____
Signature of Litigant

_____
Mailing Address

_____
City, State, Zip Code

_____
Telephone Number

Date: _____