## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANDREA PETERSON,** | Civ. No. 14-1137 (KM)(SCM) |
| **Plaintiff,** | **OPINION and ORDER** |
| **v.** | |
| **HVM L.L.C., et al.,** | |
| **Defendants.** | |

This action was originally filed in the Northern District of Georgia in October 2013, but was transferred to this Court by order dated February 21, 2014. (ECF 11)  The claims arise from allegations that, in October 2012, Ms. Peterson was wrongfully evicted from New Jersey premises that she occupied pursuant to a long term lodging agreement. (ECF 10) The complaint seeks several forms of damages. It also seeks injunctive relief, such as "Restoration of plaintiff contract in comparable premises" and an injunction against defendants' "discussion and or any involvement in affairs of plaintiff." (*Id.* at p. 28)  The defendants have not yet answered the complaint; their answers are due on January 27, 2015.

Currently before the Court is Plaintiff Andrea Peterson's motion for a temporary restraining order ("TRO") and a preliminary injunction. (ECF 30)

I deal first with the TRO, an emergent form of relief. *See generally* Fed. R. Civ. P. 65(b). A TRO may issue where the need for an injunction is so time-sensitive that irreparable harm will result if the Court allows the adverse party the opportunity to respond. *See* FED. R. CIV. P. 65(b) (a TRO may issue if the movant has demonstrated that "immediate and irreparable injury, loss, or

damage will result to the movant before the adverse party can be heard in opposition."). The court will consider the four familiar preliminary injunction factors:

1)  that plaintiff is likely to succeed on the merits
2)  that she is likely to suffer irreparable harm in the absence of preliminary relief
3)  that the balance of equities tips in her favor and
4)  that an injunction is in the public interest.[1]

At the TRO stage, however, the focus is on preserving the status quo for a short time, until there is an opportunity for the parties to be heard on a motion for a preliminary injunction. B. Bartkus, E. Sher, K. Chewning, New Jersey Federal Practice § 7:2-2. This district's local rules emphasis in particular, however, that even if these four factors are satisfied, the TRO will not issue absent a specific demonstration by affidavit or the equivalent that "immediate and irreparable harm" will occur before a preliminary injunction application can be heard. *Id.*

Plaintiff's motion falls far short of these standards. To begin with, it is not sworn. More importantly, however, it does not set forth a basis for emergent relief. The main events in question took place in October 2012 (although plaintiff also relies on events in state court in October 2013). The chief injury of which plaintiff complains is an eviction from premises in New Jersey. She does not seek to *prevent* an eviction; that occurred long ago. Plaintiff now lives in Georgia, and she sought to reverse the transfer of venue of the action to this district, saying that she would not travel to New Jersey. (ECF 13) The main items in the prayer for relief, and most of the causes of action scattered throughout the complaint, relate to injuries compensable in damages. Interim injunctive relief is not appropriate to secure a monetary claim at law.

---

[1]      *See, e.g., Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, No. 14-2767, 2014 WL 7172253, at *3 (3d Cir. Dec. 17, 2014) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Awarding preliminary relief is only appropriate "upon a clear showing that he plaintiff is entitled to such relief." *Groupe SEB USA*, 2014 WL 7172253 at *3.

*See, e.g., Grupo Mexicano v. Alliance Bond Fund*, 527 U.S. 308 (1999). The injunctive relief sought in the complaint—*e.g.*, restoration of a similar long term housing contract and a prohibition on discussion or retaliation—do not suggest the kind of emergency that will justify a TRO. There is no threatened eviction to be prevented. Restoration of the housing agreement goes far beyond the preservation of the status quo. If plaintiff has a housing emergency—and there is no indication that she does—it would not be solved by reinstating her obligation to pay rent to a landlord in New Jersey. In short, there is no present showing of irreparable harm that could be addressed by a TRO.

As for a preliminary injunction, the prospects are dubious for the same reasons, but that issue can be dealt with later.

IT IS THEREFORE, this 21st day of January, 2015

ORDERED as follows:

1.      The application, insofar as it seeks a temporary restraining order, is DENIED.

2.      The application for a preliminary injunction is ADMINISTRATIVELY TERMINATED, without prejudice to renewal. The defendants are to answer or otherwise respond to the complaint by January 27, 2015, six days from now. Sometime thereafter, the Magistrate Judge will schedule an initial conference, at which the parties may propose a schedule for briefing and hearing motions in the case.

Kevin McNulty
United States District Judge