UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ANDREA PETERSON,

    Plaintiff,

v.

HVM LLC, et al.,

    Defendants.

Civ. No. 14-1137 (KM)

**OPINION & ORDER**

### KEVIN MCNULTY, U.S.D.J.:

This dispute arises from the alleged breach of a long-term lodging agreement. The plaintiff, Andrea Peterson, alleges that she was wrongfully evicted from her hotel room, where she had been living for several years. Plaintiff brings this *pro se* action alleging numerous causes of action including breach of contract, intentional infliction of emotional distress, and violations of her civil rights. Before this Court is Ms. Peterson's appeal (ECF no. 131) from non-dispositive rulings of the Magistrate Judge (ECF nos. 128, 129). For the reasons set forth below, the appeal is denied. Also before the court is a related "Motion Defendants Make Settlement Offer" (ECF no. 130). That, too, is denied.

The District Court will reverse a Magistrate Judge's decision on a non-dispositive motion only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). This Court has frequently spoken of the discretion granted to the Magistrate Judge in non-dispositive matters. Where the appeal seeks review of a matter within the core competence of the Magistrate Judge, such as a discovery dispute, an abuse of discretion standard is appropriate. *See Cooper Hospital/Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998*); Deluccia v. City of Paterson*, No. 09-703, 2012 WL 909548, at *1 (D.N.J. March 15, 2012). "This deferential standard is especially appropriate where the Magistrate Judge has managed this case from the outset

and developed a thorough knowledge of the proceedings." *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997) (internal quotations omitted); see *Deluccia*, 2012 WL 909548, at *1 (same). Abuse of discretion review, of course, may get us to much the same place: as a practical matter it incorporates plenary review of legal questions. *See Koon v. United States*, 518 U.S. 81, 100 (1996).

**Order #1 (ECF no. 128)**

Ms. Peterson first appeals from a Letter Order (ECF no. 128) ("Order #1") filed by Magistrate Judge James B. Clark, III on February 8, 2018.

Order #1 denied Ms. Peterson's "Motion for Clarification" (ECF no. 123) As Judge Clark saw it, the Motion for Clarification was a restatement of Ms. Peterson's objections to certain discovery requests, primarily involving her income and bank statements, as well as her refusal to participate in settlement negotiations. After a telephone conference on November 2, 2017, she was ordered to provide responses within 14 days. (ECF no. 122) The new motion provides no new information or argument sufficient to require reconsideration. Reviewing it, I see nothing about Judge Clark's routine discovery rulings that were clearly erroneous or contrary to law, or that constituted an abuse of discretion.

Order #1 also denied Ms. Petersons' "Motion for Order" (ECF nos. 125; see also ECF no. 126), filed on November 9, 2017.

The Motion for Order sought reconsideration of an earlier order of July 26, 2017 (ECF no. 116), which denied the plaintiff's motion to have certain matters deemed admitted. To begin with, any such motion for reconsideration was untimely. *See* D.N.J. Loc. Civ. R. 7.1(i) (14-day deadline). The plaintiff seeks to have matters deemed admitted because the defendant, stating that it believed the scheduling order had superseded the Rule deadline for a discovery response, filed its response two weeks late. Excusing late responses was well

within the Magistrate Judge's discretion, and it denies neither due process nor equal protection.

The Motion for Order also objected to the U.S. Marshals' failure to file subpoenas on plaintiff's behalf. The background is as follows. In a letter dated March 23, 2017, Ms. Peterson sent the U.S. Marshal five information subpoenas and requested that they be served, pursuant to Fed. R. Civ. P. 45(a)(3).[1] The intended recipients were Anthem Inc.; Northwestern Healthcare; The Secretary of HHS; the Circuit Court of Cook County, Illinois; and the Superior Court of Cobb County. The subpoenas were returned to her with a letter stating that, absent a court order, the U.S. Marshals do not serve subpoenas in civil cases. (ECF no. 105) Ms. Peterson then sent the Court a letter, which I treated as a motion, requesting that I order such service. On April 21, 2017, I denied the request, stating that there is no entitlement to service by the Marshals and that there had been no showing that such service was justified. (ECF no. 107)

I remain of the view that the plaintiff was not entitled to this relief. The plaintiff cites Fed. R. Civ. P. 4.1, but that rule requires service by the Marshal of process "*other than* a summons under Rule 4 or a subpoena under Rule 45." Elsewhere, she has cited 28 U.S.C. § 1915(d), which provides that "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases" (*i.e.*, *in forma pauperis* cases). Service of process commonly refers to commencement of an action by service of a summons and complaint. At any rate, that is the context in which the § 1915(d) appears in the case law. *See, e.g., In re Clark*, 632 F. App'x 62, (3d Cir. 2016) (petition for mandamus to require service of complaint); *In re Burrell*, 626 F. App'x 33 (3d Cir. 2015). The context and structure of the *in forma pauperis* statute, which does not deal with compelled production of evidence or discovery, lends support to that

---

[1] The letter was actually directed to the Clerk of the Court with a request that it be forwarded to the Marshals Service.

3

view.[2] So does the structure of the Federal Rules. The statute's requirement that the Marshal serve a summons and complaint would require an adjustment to Rule 4, and sure enough it is there. See Fed. R. Civ. P. 4(c)(3) (Court "must so order [*i.e.*, order service by Marshal or someone specially appointed] if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C § 1915 . . . .") No such adjustment appears, however, in Rule 45, which governs subpoenas and has its own service provision. See Fed. R. Civ. P. 45(b)(1). Rule 45(b)(1) provision provides for service of a subpoena by any nonparty who has

---

[2] The statute removes the ordinary litigant's authority to commence litigation by service of the summons and complaint, and subjects the filed complaint to screening for merit. The complaint is to be served by the U.S. Marshal and not, as in the ordinary case, by a party. The late Chief Judge Becker summarized the scheme of the *in forma pauperis* statute thus:

> To recapitulate the applicable procedures, a plaintiff who is able to pay the filing fee need only submit his or her complaint with the filing fee within the applicable limitations period. The complaint is filed and the statute of limitations is satisfied. The plaintiff then undertakes to have the summons and complaint served on the defendant or defendants and litigation commences. When a plaintiff seeks to proceed without prepayment of fees, however, § 1915 contemplates a different approach. Only the court may "authorize the commencement ... of any suit ... without prepayment of fees and costs...." 28 U.S.C. § 1915(a). In addition, "[t]he officers of the court shall issue and serve all process ... in such cases." 28 U.S.C. § 1915(c). Furthermore, the district court may dismiss the complaint "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). Under § 1915(d), a district judge is authorized to dismiss as frivolous claims based on an indisputably meritless legal theory or clearly baseless factual contentions. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832–33, 104 L.Ed.2d 338 (1989).
>
> Thus, submitting an *in forma pauperis* complaint to the clerk does not result in commencement of the litigation and satisfaction of the statute of limitations. Either the complaint is not filed until an indigency determination is made by a judge, or more commonly in this Circuit, the complaint is not filed and issuance of the summons and service of the complaint is not authorized until the district judge determines that the complaint is not frivolous.

*Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 458 (3d Cir. 1996) (The lettering of the statutory subsections has changed, but the discussion is still valid.)

4

attained the age of 18, and says nothing about the U.S. Marshal or *in forma pauperis* cases.

At any rate, right or wrong, my ruling became the law of the case. In the months following my order, the plaintiff apparently made no effort to serve the subpoenas herself, but continued to maintain that the Marshals should serve them. She claims that Judge Clark agreed with her in a conference on July 25, 2017, but the procedural order following that conference contains nothing of the kind. (*See* ECF no. 115) And a Magistrate Judge, of course, could not have overruled my order.

Ms. Peterson again objected to the Marshals' refusal in her November 9, 2017, Motion for Order. To the extent this may be regarded as a motion for reconsideration of my April 21, 2017, Order, it came far too late. *See* N.J. Loc. Civ. R. 14.1.

Order #1 set a schedule for dispositive motions. The plaintiff objects that fact discovery should not be closed. Judge Clark properly closed fact discovery. This matter has been pending in three courts for over five years. Sorting out this pro se litigant's many motions and requests, many of them in emails, many of simply repeating motions already denied, and many failing to conform to minimal procedural requirements, has presented a challenge. The Magistrate Judge has dealt with that challenge in a fair and practical manner.

By order of Judge Clark, fact discovery closed on the extended deadline of October 31, 2017. (ECF no. 115) On November 2, 2017, following a conference, Judge Clark entered a letter order requiring that, within 14 days, (a) plaintiff answer certain of the defendants' outstanding discovery requests, and (b) plaintiff submit a letter listing her own outstanding discovery requests. The order explicitly stated that "Plaintiff shall forfeit the right to any outstanding discovery not addressed in Plaintiff's forthcoming letter." (ECF no. 122)

5

Apparently discovery responses were not forthcoming. Nor did plaintiff file the required letter outlining the outstanding discovery requests that, in her view, remained unanswered. Instead, the plaintiff filed the "Motion for Clarification" and the "Motion for Order."

Judge Clark's November 2, 2017 order was a reasonable means of case management. It was not an abuse of discretion, and it did not constitute a legal or factual error of any kind. And as it happened, Judge Clark did not adhere strictly to the 14-day deadline, but extended it; it was not until February 14, 2018, that he actually declared discovery closed. This was well within the Court's discretion.

Order #1 did not contain any clear error of fact or error of law, and it did not constitute an abuse of discretion. It is affirmed.

**Order #2 (ECF no. 129)**

Order #2 required that the plaintiff state her damages and make a settlement demand. It also set a schedule for dispositive motions.

Ms. Peterson objects to going first with a settlement proposal. She has filed a motion (ECF no. 130) to compel the defendants to make a settlement offer, which may be deemed a motion for reconsideration. She also has appealed from Order #2, on overlapping grounds. In her motion, the plaintiff cites two earlier statements, dated September 15, 2017. (ECF no. 130-1, 130-2) It is possible that she intends to rely on them as her settlement proposal.

The plaintiff of course is not obligated to settle at all. She has stated no basis for her claim that this discretionary order was contrary to law or an abuse of discretion. She states no legal basis for the position that the defendant must go first. The Magistrate Judge was simply trying to move the case toward a resolution (and decide whether to convene a settlement conference) by ordering the plaintiff to articulate what damages she believed

she had sustained and what she was seeking from the defendant. I see no abuse of discretion, factual error, or legal error in those rulings.

The appeal from Order #2 on these grounds and the related Motion (ECF no. 130) are therefore denied. Order #2 is affirmed.

## ORDER

ACCORDINGLY, IT IS this 19th day of March, 2018

ORDERED that the Motion Defendants Make Settlement Offer (ECF no. 130) is DENIED; and it is further

ORDERED that the Appeal (ECF no. 131) from the decisions of the Magistrate Judge is DENIED, and the orders of the Magistrate Judge (ECF nos. 128, 129) are affirmed.

Dated: March 19, 2018
Newark, New Jersey

KEVIN MCNULTY
United States District Judge