UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ANDREA PETERSON,

    Plaintiff,

vs.

HVM LLC, EXTENDED STAY AMERICA (ESA), CENTERBRIDGE PARTNERS LP, PAULSON & CO, and BLACKSTONE REAL ESTATE PARTNERS VI,

    Defendants.

No. 2:14-cv-1137-KM-JBC

**MEMORANDUM OPINION**

### KEVIN MCNULTY, U.S.D.J.:

This dispute arises from the alleged breach of a long-term lodging agreement. Plaintiff Andrea Peterson alleges that she was wrongfully evicted from her hotel room, where she had been living for several years. She brings this *pro se* suit alleging numerous causes of action, including breach of contract, intentional infliction of emotional distress, and violations of her civil rights. Before this Court is Ms. Peterson's objection (ECF No. 144) to a ruling by Magistrate Judge Clark (ECF No. 143). That ruling (ECF No. 143) denied Ms. Peterson's motion to strike (ECF No. 137) and terminated Ms. Peterson's motion for extension of time to file response/reply (ECF No. 142). For the reasons set forth below, the decision of Magistrate Judge Clark is affirmed.

The District Court will reverse a Magistrate Judge's decision on a non-dispositive motion only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). This Court has frequently spoken of the discretion granted to the Magistrate Judge in non-dispositive matters. Where

1

the appeal seeks review of a matter within the core competence of the Magistrate Judge an abuse of discretion standard is appropriate. *See Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998); *Deluccia v. City of Paterson*, No. 9-cv-703, 2012 WL 909548, at *1 (D.N.J. Mar. 15, 2012). "This deferential standard is especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings." *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997) (internal quotations omitted); *see Deluccia*, 2012 WL 909548, at *1 (same). Abuse of discretion review, as a practical matter, incorporates plenary review of legal questions. *See Koon v. United States*, 518 U.S. 81, 100 (1996).

## A. Motion to strike

On February 28, 2019, Ms. Peterson filed a Rule 72 appeal of a ruling by Magistrate Judge Clark. (ECF No. 131). On March 13, 2018, defendants filed a response to Ms. Peterson's appeal. (ECF No. 132). On March 29, 2018, Ms. Peterson filed a motion to strike (ECF no. 137) defendants' response. Ms. Peterson argues that defendants have no explicit right under Federal Rule of Civil Procedure 72(a) to file a response and therefore the Court should strike it. Local Rule 72.1 provides, in relevant part:

> The party filing an appeal shall provide to the Court a transcript of that portion of the hearing before the Magistrate Judge wherein findings of fact were made, no later than 14 days before the return date of the motion. *Any party opposing the appeal shall file a responsive brief at least 14 days prior to the motion day.* Should the party appealing wish to reply to any responsive brief filed by the opposition, that party must file a reply brief at least seven days prior to the motion day.

(emphasis added). Local Rule 72.1 clearly states that a party opposing the appeal (in this case, the defendants) may respond to an appeal at least fourteen days prior to the motion day.

Defendants filed their response (ECF No. 132) on March 12, 2018. The motion date for the appeal was set for April 2, 2018. (ECF No. 131). Defendants

2

thus filed their response more than fourteen days in advance of the motion day. Under Local Rule 72.1, their motion was timely. I agree with Magistrate Judge Clark that defendants' response was timely and appropriate. (ECF No. 143). Magistrate Judge Clark's determination is thus affirmed.

### B. Termination of motion for extension of time to file response/reply

On April 19, 2018, Ms. Peterson filed a motion for extension to time to file response/reply. (ECF No. 142). She requested that her response to defendants' motion for summary judgment be due "twenty-one (21) days from the date the court issues order on Plaintiff Rule 72 Motion and Motion to Strike." (ECF No. 142, p. 1). When Magistrate Judge Clark issued his order on plaintiff's Rule 72 motion and motion to strike, he provided her with 30 days from the date of that order to file an opposition to defendants' motion for summary judgment. (ECF No. 143). Magistrate Judge Clark terminated plaintiff's motion for a 21-day extension and granted her a 30-day extension. (ECF No. 143). I do not find this order clearly erroneous or contrary to law. In fact, Ms. Peterson received a greater time extension than she requested. Magistrate Judge Clark's ruling (ECF No. 143) is thus affirmed.

### C. Conclusion

For the reasons stated above, Magistrate Judge Clark's order (ECF No. 143) is affirmed. In light of Ms. Peterson's pro se status, however, the Court will give her one more chance to cease quibbling over procedural matters and address the substance. She shall have 30 days to respond to defendants' motion for summary judgment (ECF No. 141) or the motion may be treated as unopposed.

Dated: July 18, 2018

*/s/ Kevin McNulty*
**KEVIN MCNULTY**
**United States District Judge**

3